**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re Wholesale Grocery Products      **ORDER**
Antitrust Litigation     Court File No. 09-MD-2090 ADM/AJB

This Order Relates to All Actions

_____

W. Joseph Bruckner, Esq., Elizabeth R. Odette, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN; and Richard L. Creighton, Jr., Esq., William A. Posey, Esq., W. Jeffrey Sefton, Esq., Keating, Muething & Klekamp PLLP, Cincinnati, OH, on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Marta M. Chou, Esq., E. Casey Beckett, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

Nicole M. Moen, Esq., Todd A. Wind, Esq., Fredrikson & Byron, PA, Minneapolis, MN; and Christopher J. MacAvoy, Esq., Thomas A. Isaacson, Esq., Charles A. Loughlin, Esq., David S. Shotlander, Esq., Howrey LLP, Washington, D.C., on behalf of Defendant C&S Wholesale Grocers, Inc.

_____

On February 8, 2011, the undersigned United States District Judge heard oral argument on Plaintiffs' Motion to Amend Complaint [Docket No. 87] (the "Motion"). Defendants SuperValu, Inc. and C&S Wholesale Grocers, Inc. (collectively "Defendants"), oppose the Motion. For the reasons stated below, the Motion is granted.

Defendants argue that the Motion is both untimely and futile. With respect to timeliness, the Court's previous Scheduling Order [Docket No. 85] set January 17, 2011 as the deadline for motions to amend the pleadings. In fact, the Motion was not filed and served until January 18, 2011. January 17, 2011 was a holiday, but the Court's electronic CM/ECF system was in operation and therefore the Clerk's Office was not "inaccessible" as contemplated by Rule 6 of the Federal Rules of Civil Procedure. Further, that date was known to the parties, and was agreed to in their joint Rule 26(f) report. Therefore, the Motion is untimely. However, as the

extra day caused no prejudice to Defendants and some confusion regarding the holiday is understandable, the Court will consider the merits of the Motion.

With respect to futility, Defendants argue that the addition of four plaintiffs is futile due to the existence of arbitration agreements between each new plaintiff and SuperValu, Inc., C&S, Inc., or both. Defendants also argue that Plaintiffs improperly continue to allege fraudulent concealment contrary to the holding in the Order dated July 7, 2010 [Docket No. 65]. However, a finding of futility is appropriate only where claims are "clearly frivolous." Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 970-08 (8th Cir. 1999). Given the complexity of the analysis regarding the arbitration agreements in question, the claims of the four new plaintiffs are not clearly frivolous at this point in the litigation. That is not to say, however, that those claims are clearly meritorious either. Given the sparsity of the record and briefing, issues related to arbitration are not ripe for decision. The issue may be raised again without prejudice in a future dispositive motion. Finally, Plaintiffs clarified at oral argument that the language related to fraudulent concealment remains only for the purpose of preserving the issue for appeal. Therefore, the Motion is not futile.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint [Docket No. 87] is **GRANTED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 8, 2011.