UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Wholesale Grocery Products            MEMORANDUM OPINION
Antitrust Litigation                        AND ORDER
                                            Court File No. 09-MD-2090 ADM/AJB

This Order Relates to all Actions

_____

Elizabeth R. Odette, Esq., W. Joseph Bruckner, Esq., Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN; and Richard L. Creighton, Jr., Esq., William A. Posey, Esq., W. Jeffrey Sefton, Esq., Keating, Muething & Klekamp PLL, Cincinnati, OH, on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Marta M. Chou, Esq., E. Casey Beckett, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

Todd A. Wind, Esq., Nicole M. Moen, Esq., Fredrikson & Byron, PA, Minneapolis, MN; and Christopher J. MacAvoy, Esq., Thomas A. Isaacson, Esq., Charles A. Loughlin, Esq., David S. Shotlander, Esq., Howrey LLP, Washington, D.C., on behalf of Defendant C&S Wholesale Grocers, Inc.

_____

## I. INTRODUCTION

On March 29, 2011, the undersigned United States District Judge heard oral argument on Defendants C&S Grocers, Inc.'s ("C&S") and SuperValu, Inc.'s ("SuperValu") (C&S and SuperValu are collectively referred to as "Defendants") Motion to Compel Production of Documents from Plaintiffs [Docket No. 102] and Plaintiffs' Motion to Compel Discovery [Docket No. 108]. For the reasons set forth below, each motion is granted in part and denied in part.

## II. BACKGROUND

This case arises from an Asset Exchange Agreement (the "AEA") between Defendants executed in September 2003. 2d Consolidated Am. Class Action Compl. [Docket No. 99] ¶¶ 1-

2, 35.  Defendants are two of the largest wholesale grocery sellers in the United States.  Id. ¶ 1.  Defendants are "full-line" wholesalers.  Id. ¶ 16.  "Full-line" wholesalers sell bundles of groceries from a selection of tens of thousands of products accompanied by services, such as delivery.  See id. ¶ 16.  Plaintiffs are retail grocery stores.  Id. ¶¶ 5-12.  Plaintiffs' retail groceries are supplied by "full-line" wholesalers as well as others suppliers, including specialty suppliers.  Plaintiffs allege that the AEA allocated regional customers of wholesale groceries in violation of antitrust laws.  Id. ¶ 2-3.  Plaintiffs allege that this allocation allowed Defendants to charge Plaintiffs supra-competitive prices.  Id.

Plaintiffs initiated four separate lawsuits that were then consolidated for multidistrict litigation in this District.  An Order [Docket No. 65] dated July 7, 2010 granted, in part, Defendants' motion to dismiss based on the statute of limitations in this case.  That same Order declined to rule on whether the AEA between Defendants constituted a per se violation of antitrust laws or, instead, whether the "Rule of Reason" doctrine should apply.

The parties now move to compel responses to certain discovery requests.  Defendants seek production of documents related to Plaintiffs' purchases of groceries from non-wholesalers.  Plaintiffs seek production of (1) agreements between Defendants or other grocery wholesalers that swap assets or contain any non-compete covenants, and (2) all documents concerning communication between Defendants, exclusive of communications between either C&S or SuperValu acting as a wholesaler and retail grocery stores owned by the other.

### III.  DISCUSSION

**A.  Standard**

In general, parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). However, courts may limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

**B. Defendants' Motion**

Defendants seek to compel production of documents related to purchases from non-wholesale suppliers of groceries. Defendants argue that a defense they will raise is that they did not restrain trade in the relevant market notwithstanding their non-compete covenant because Plaintiffs purchase groceries from a variety sources other than "full-line" wholesale suppliers. Plaintiffs contend that such information is irrelevant because "full-line" wholesale grocery bundles are the relevant market, and Defendants' own statements indicate as much.

The contours of the relevant market in an antitrust action are defined by products that have "reasonable interchangeability." Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 596 (8th Cir. 2010) (citation omitted). The product that Defendants sell as "full-line" wholesalers are bundles of groceries accompanied by services, such as delivery. See 2d Consolidated Am. Class Action Compl. ¶ 16. Only "full-line" wholesalers offer this product. Other wholesalers offer similar goods and could be used as a substitute for "full-line" wholesalers. Therefore, some information regarding purchases from wholesalers that are not "full-line" is relevant and discoverable. However, purchases from specialty suppliers and other non-wholesalers are limited to goods that cannot be bought wholesale as a practical matter due to immediacy of need, brand name, or some other reason. While the bundles of groceries offered by "full-line" wholesalers could be pieced together from other suppliers, it would be "economically and logistically impossible" to do so. Pls.' Opp. to Defs.' Mot. to Compel

[Docket No. 115] at 7.  As such, specialty suppliers do not offer products that have a reasonable interchangeability with "full-line" wholesalers' products.  Further, the amount of goods purchased from non-wholesalers is de minimus, and producing voluminous records for such purchases would be unduly burdensome.  Therefore, Defendants' motion is granted in part, and Plaintiffs shall produce all documents related to the purchase of wholesale groceries.

## C.  Plaintiffs' Motion

### 1.  Other asset exchange agreements

Plaintiffs seek production of documents related to other asset exchange agreements.  Defendants argue that those agreements are irrelevant and unduly burdensome to produce as the analysis in this case turns on the AEA alone.  Plaintiffs argue that other asset exchange agreements, whether between Defendants or between one of the Defendants and another entity, are relevant to a "Rule of Reason" analysis.

Plaintiffs' position is unavailing.  First, in resisting Defendants' motion to compel, Plaintiffs argued that the "Rule of Reason" was likely not applicable to this case.  Second, even if the Rule of Reason is ultimately applied, that analysis turns wholly on the reasonableness of the AEA at issue.  See Arizona v. Maricopa County Med. Soc'y, 457 U.S. 332, 343 n.13.  To be sure, other agreements may be informative, but in light of their limited relevance and high costs of production, it is unduly burdensome for Defendants to produce such agreements.  Therefore, Plaintiffs' motion, in this respect, is denied.

### 2.  Communications between Defendants

Plaintiffs also seek production of documents related to communications between Defendants.  Defendants argue that it is unduly burdensome to produce such communications

because volumes of such documents exist regarding routine business between retail grocery stores owned by one of Defendants and the other Defendant.  Plaintiffs argue that such communication is necessary and highly probative of their conspiracy claims, and have offered to exclude communications between Defendants when one is acting in its retail capacity.

Communications between Defendants are indeed relevant to the conspiracy claims here; however, Plaintiffs' requests are overly broad, having no limit as to subject matter.  Such limitation is necessary to avoid undue burden.  As Plaintiffs' conspiracy claim turns entirely on the AEA, only communications regarding that agreement are relevant.  Plaintiffs' motion is granted in part, and Defendants shall produce documents related to communications between themselves relating to the AEA, excluding communications where one Defendant is acting in its capacity as a retail grocer.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Compel Production of Documents from Plaintiffs [Docket No. 102] is **GRANTED IN PART AND DENIED IN PART**;

2.  Plaintiffs' Motion to Compel Discovery [Docket No. 108] is **GRANTED IN PART AND DENIED IN PART**;

3. On or before November 15, 2011, Plaintiffs shall produce all documents responsive to Requests 1-4, 6, 7, 9, 11, and 12 of Defendants' First Set of Document Requests, excluding documents relating to non-wholesale suppliers of groceries; and

4.  On or before November 15, 2011, Defendants shall produce all documents concerning

communication or proposed communication related to the September 2003 Asset Exchange Agreement between SuperValu and C&S, excluding communications where either SuperValu or C&S is acting as a retail grocer.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 6, 2011.