UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Wholesale Grocery Products
Antitrust Litigation

**ORDER**
Court File No. 09-MD-2090 ADM/AJB

This Order Relates to All Actions

---

W. Joseph Bruckner, Esq., and Elizabeth R. Odette, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN; Richard B. Drubel, Esq., and Kimberly H. Schultz, Esq., Boies, Schiller & Flexner LLP, Hanover, NH; Daniel A. Kotchen, Esq., and Daniel L. Low, Esq., Kotchen & Low LLP, Washington, DC; and, Joel C. Meredith, Esq., Meredith & Associates, Philadelphia, PA on behalf of Plaintiffs.

Stephen P. Safranski, Esq., Martin R. Lueck, Esq., K. Craig Wildfang, Esq., Damien A. Riehl, Esq., and Heather McElroy, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

Todd A. Wind, Esq., and Nicole M. Moen, Esq., Fredrikson & Byron, PA, Minneapolis, MN, Christopher J. MacAvoy, Esq., Charles A. Loughlin, Esq., and David S. Shotlander, Esq., Baker Botts LLP, Washington, DC on behalf of Defendant C&S Wholesale Grocers, Inc.

---

This multi-district litigation matter consolidated four antitrust lawsuits brought by retail grocers against two wholesale grocers, Defendants Supervalu, Inc. and C&S Wholesale Grocers, Inc.  See 2d Consolidated Am. Class Action Compl. [Docket No. 99] ¶¶ 1-3.  Plaintiffs allege that Defendants conspired to allocate customers and territory through a September 6, 2003 Asset Exchange Agreement and that Defendants used the allocations to charge retailers in the Midwest and New England supra-competitive prices.  Id. ¶¶ 34-44.

Several Plaintiffs, namely, Blue Goose Super Market, Inc., Millenium Operations, Inc., King Cole Foods, Inc., JFM Market, Inc. and MJF Market, Inc. ("Arbitration Plaintiffs") had arbitration agreements with one or the other Defendant.  The Court dismissed their claims without prejudice based on those arbitration agreements.  In re Wholesale Grocery Prods.

Antitrust Litig., 2011 U.S. Dist. LEXIS 156751 (D. Minn. July 5, 2011).  On February 13, 2013, the Eighth Circuit Court of Appeals reversed this Court's holding that non-signatory wholesalers can enforce retailers' arbitration agreements based on the doctrine of equitable estoppel.  King Cole Foods, Inc. v. SuperValu, Inc. (In re Wholesale Grocery Prods. Antitrust Litig.), 2013 U.S. App. LEXIS 2949 (8th Cir. Feb. 13, 2013).  The Eighth Circuit remanded Arbitration Plaintiffs' case to this Court for further proceedings on the enforceability of the arbitration agreement and the successor-in-interest theory.

After the dismissal of the Arbitration Plaintiffs, but before the Eighth Circuit's ruling, the Court granted summary judgment for the Defendants on all claims of the remaining Plaintiffs, D&G, Inc. and DeLuca's Market Corp. ("Summary Judgment Plaintiffs").  In re Wholesale Grocery Prods. Antitrust Litig., 2013 U.S. Dist. LEXIS 4584 (D. Minn. Jan. 11, 2013).

On February 15, 2013, Defendants timely filed a Bill of Costs [Docket Nos. 439 and 440] pursuant to 28 U.S.C. §§ 1920 and 1924, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.3.  The rules state costs should be allowed to the prevailing party.  Fed. R. Civ. P., Rule 54(d)(1).  The general rule, unless equity dictates otherwise, is to make the responsible parties joint and severally liable for the costs.  Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002).

In this case, determining the Bill of Costs is complicated.  Seven plaintiffs were consolidated in this multi-district litigation.  They proceeded together with one consolidated complaint against Defendants.  The Arbitration Plaintiffs were dismissed without prejudice; they appealed, prevailed on their appeal, and now have revived claims against the Defendants.  But,

Defendants still hold a final judgment against the Summary Judgment Plaintiffs.[1]

Given the posture of this case, the Court will hold the issues of assessment of costs in abeyance pending further order of the Court.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 26, 2013.

---

[1] Summary Judgment Plaintiffs have appealed, but their appeal is still pending.