# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re Wholesale Grocery Products
Antitrust Litigation

This Order Relates to All Actions

**MEMORANDUM OPINION
AND ORDER**
Court File No. 09-MD-2090 ADM/TNL

---

Elizabeth R. Odette, Esq., W. Joseph Bruckner, Esq., Kristen G. Marttila, Esq., and Kate M. Baxter-Kauf, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN; Richard B. Drubel, Esq., and Matthew J. Henken, Esq., Boies, Schiller & Flexner LLP, Hanover, NH; and Daniel A. Kotchen, Esq., and Daniel L. Low, Esq., Kotchen & Low LLP, Washington, DC, on behalf of the Midwest Plaintiffs.

Stephen P. Safranski, Esq., and Jeffrey S. Gleason, Esq., Robins Kaplan LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

Christopher J. MacAvoy, Esq., and Erik T. Koons, Esq., Baker Botts LLP, Washington, DC; and Todd A. Wind, Esq., and Nicole M. Moen, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Defendant C&S Wholesale Grocers, Inc.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendants SuperValu, Inc. and C&S Wholesale Grocers, Inc.'s (collectively, "Defendants") Joint Motion for Limited Stay of Proceedings [Docket No. 655]. Defendants request a stay of this multi-district litigation pending resolution of: (1) their petition under Federal Rule of Civil Procedure 23(f) for leave to file an interlocutory appeal of this Court's Class Certification Order [Docket No. 651] to the Eighth Circuit Court of Appeals; and (2) if such leave is granted, the ensuing Rule 23(f) appeal. The Midwest Plaintiffs have filed a Response [Docket No. 662] opposing the Motion. New England Plaintiffs JFM Market, Inc. and MJF Market, Inc. (collectively, the "Village Markets"), have filed a Clarification [Docket No. 664] stating that they are not parties to the Motion and do not oppose a stay, but also "do not take the position that the District Court

must delay reaching the merits of the Midwest [Plaintiffs'] case." Clarification at 6.[1] For the reasons set forth below, Defendants' Joint Motion is denied.

## II. DISCUSSION

Rule 23(f) provides:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f). As the rule makes clear, a stay of proceedings pending an appeal from an order granting class certification is an exception to the general rule that the district court proceedings ordinarily continue pending an appeal of certification.

A party seeking a stay bears the burden of showing that: (1) it is likely to succeed on the merits of its appeal; (2) it will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay. Boswell v. Panera Bread Co., No. 14–1833, 2015 WL 10662912, at *1 (E.D. Mo. Dec. 1, 2015) (citing Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011)). Although likelihood of success on the merits is the most

---

[1] Village Markets also filed a Cross Motion [Docket No. 666] requesting that the deadlines for expert discovery and dispositive motions be stayed for the New England Plaintiffs while three cases at the Eighth Circuit Court of Appeals (Nos. 15–1786, 15–3089, and 15–3174) remain under advisement. The Cross Motion was referred to Magistrate Judge Tony N. Leung for a separate ruling because the Cross Motion was a renewal of an earlier motion that had been argued to Judge Leung on December 3, 2015 and withdrawn without prejudice at the conclusion of that hearing. See Mot. Stay [Docket No. 551]; Minute Entry, Dec. 3, 2015 [Docket No. 564]; Safranski Decl. [Docket No. 672] Ex. 1 (Hr'g Tr.). Judge Leung granted Village Markets' Cross Motion on October 20, 2016. See Order, Oct. 20, 2016 [Docket No. 673].

important factor, a court "must consider the relative strength of the four factors, 'balancing them all.'"  Brady, 640 F.3d at 789 (quoting Fargo Women's Health Org. v. Schafer, 18 F.3d 526, 538 (8th Cir.1994)).

Upon analyzing and weighing the factors, the Court concludes that a further stay of this case is not warranted.  Assuming without deciding that the Eighth Circuit grants Defendants' Rule 23(f) petition, Defendants have not shown they are likely to succeed on the merits of their appeal.  Rather, Defendants merely repeat the same arguments as those already considered and rejected by this Court when granting class certification.  As with any appeal, the Eighth Circuit may choose to disagree with this Court's conclusions on the merits of the certification issue, but this possibility does not make it likely that Defendants will succeed on the merits of their appeal.  Additionally, although three other appeals in this litigation are currently pending before the Eighth Circuit, those appeals will not impact the merits of the Midwest Plaintiffs' claims or the viability of the classes.[2]

Defendants have also failed to demonstrate that they will be irreparably injured unless a stay is granted.  Although Defendants contend that they will be substantially harmed by

---

[2] The first appeal (No. 15–1786) pertains to whether certain Plaintiffs, including the representatives of the Hopkins Distribution Center Class and Green Bay Distribution Center Class, must arbitrate their claims.  Regardless of how the Eighth Circuit answers this question, the merits of the Midwest Plaintiffs' claims will remain unaffected.  Additionally, even if the Hopkins and Green Bay class representatives are required to arbitrate, the classes they represent would remain viable because the substitution of a class representative is commonly allowed where the representative is unable to proceed on the merits but other class members continue to hold "live" claims.  See Krements v. Bartley, 431 U.S. 119, 134–35 (1977); Van Horn v. Trickey, 840 F.2d 604, 608 (8th Cir. 1988) ("[L]iberal substitution of representatives [is] commonly allowed in class actions.").  The second appeal (No. 15–3174) concerns whether the New England Plaintiffs may seek certification of a narrower class of New England Plaintiffs.  The third appeal (No. 15–3089), which is consolidated with the second, considers whether a New England retailer may intervene in this action.

engaging in expensive merits expert reports, expert discovery is unavoidable regardless of whether this litigation proceeds as a class action or as individual lawsuits.  Thus, Defendants will not be harmed by preparing for discovery on the existing schedule.  Defendants also argue that their business reputation may be harmed by a premature dissemination of a class notice if Defendants were to later prevail in obtaining and winning an appeal.  However, the Court has not yet approved the form of class notice, and any argument that dissemination of the class notice should be delayed can be addressed during the motion to approve the class notice.  The Court also disagrees with Defendants' argument that the class certification ruling raises the stakes of the litigation so significantly that Defendants will feel "irresistible pressure to settle."  Defs.' Joint Mem. Supp. Mot. [Docket No. 657] at 11 (quoting Perrin v. Papa John's Int'l, Inc., No. 09-1335, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014)).  As the two largest grocery wholesalers in the United States, Defendants' means and ability to defend against this class action cannot be seriously questioned.

The final two factors also weigh against the Defendants' requested stay.  The Midwest Plaintiffs would be substantially prejudiced by a stay, which would significantly delay a case that is already nearly eight years old.  Were the Eighth Circuit to grant Defendants' Rule 23(f) petition, the appeal process would likely take nearly a year or more before a final ruling is reached.  Additionally, the public has an interest in the "expeditious resolution" of class action antitrust lawsuits.  In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010).

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

4

**HEREBY ORDERED** that Defendants' Joint Motion for Limited Stay of Proceedings [Docket No. 655] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 25, 2016.