UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Wholesale Grocery Products<br>Antitrust Litigation<br><br>This Order Relates to All Actions | **MEMORANDUM OPINION**<br>**AND ORDER**<br>Court File No. 09-MD-2090 ADM/TNL |

Edward T. Dangel III, Esq., Dangel & Mattchen, LLC, Boston, MA, on behalf of Plaintiffs JFM Market, Inc., and MJF Market, Inc.

Stephen P. Safranski, Esq., Martin R. Lueck, Esq., Jeffrey S. Gleason, Esq., and Geoffrey H. Kozen, Esq., Robins Kaplan LLP, Minneapolis, MN, on behalf of Defendant SuperValu, Inc.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant SuperValu, Inc.'s ("SuperValu") Objections [Docket No. 845] to Magistrate Judge Tony N. Leung's August 3, 2017 Omnibus Case Management & Fourth Amended Pretrial Scheduling Order ("Scheduling Order") [Docket No. 838]. SuperValu argues that the Scheduling Order is erroneous because it permits Plaintiffs JFM Market, Inc., and MJF Market, Inc. (collectively, "Village Market") to pursue certification of a New England class even though the Court denied certification of a New England class in 2012 and ruled in August 2015 that Village Market may not relitigate the issue of certification for a New England class. For the reasons set forth below, the Objections are overruled and the Scheduling Order is affirmed.

## II. DISCUSSION

### A. Standard of Review

A magistrate judge's order on a nondispositive pretrial matter will not be set aside unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly

erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**B. SuperValu's Objections**

SuperValu argues that the Scheduling Order is contrary to law because Village Market has not demonstrated materially changed circumstances that warrant revisiting this Court's 2012 denial of certification for a New England class.[1] SuperValu additionally contends that allowing Village Market to relitigate class certification functionally reverses this Court's August 20, 2015 Order [Docket No. 534] ("August 2015 Order") stating that Village Market is not permitted to pursue certification of a narrower New England class.

Federal Rule of Civil Procedure 23(c)(1)(C) provides: "An order that grants or denies class certification may be altered or amended before final judgment." This rule "empowers district courts to alter or amend class-certification orders based on circumstances developing as the case unfolds." Amgen Inc. v. Conn. Retirement Plans & Trust Funds, 568 U.S. 455, 479 n.9

---

[1] The Court denied certification of a New England class in 2012 because the evidence at that time showed that the prices charged by Defendant C&S Wholesale Grocers, Inc. ("C&S") to its retail grocery customers in New England were individually negotiated, and thus class-wide impact could not be shown with common evidence. In re Wholesale Grocery Prods. Antitrust Litig., No. 09-MD-2090, 2012 WL 3031085, *9–*14 (D. Minn. July 25, 2012) ("Class Certification Order").

2

(2013) (internal quotations and alterations omitted). "When the decision on class certification comes before full merits discovery has been completed, . . . [a] decision to certify or not to certify a class may . . . require revisiting upon completion of full discovery." Blades v. Monsanto Co., 400 F.3d 562, 567 (8th Cir. 2005).

SuperValu argues that no previously unavailable evidence exists to justify reopening the class determination. Village Market disagrees, contending that new evidence discovered after the denial of class certification, including changed testimony from a C&S executive, establishes that C&S's pricing scheme in New England was formulaic, rather than individualized. Although SuperValu argues that it will be prejudiced by having to relitigate the issue of certification of a New England class, any such prejudice is outweighed by the prejudice Village Market would suffer if it were foreclosed from arguing that developing circumstances, including newly discovered evidence, are sufficiently compelling to warrant amending the Class Certification Order under Rule 23(c)(1)(C).

Based on these and other developments which have unfolded in this case since the 2012 denial of certification of a New England class and the August 2015 Order, Judge Leung's decision to permit Village Market to move for reconsideration of class certification under Rule 23(c)(1)(C) is not clearly erroneous or contrary to law. Accordingly, SuperValu's Objections are overruled.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant SuperValu, Inc.'s Objections [Docket No. 845] are **OVERRULED**; and

3

2. The August 3, 2017 Omnibus Case Management & Fourth Amended Pretrial Scheduling Order [Docket No. 838] is **AFFIRMED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 29, 2017.